Luis A. Rivera Lacourt, Baldomero Freyre, José A. Aulet y Alvaro Calderón, Hijo, apelantes *v.* Junta Estatal de Elecciones, apelada.

*Número:* 22        *Resuelto:* 23 de marzo de 1972

*Luis A. Rivera Lacourt, pro se, José Aulet, pro se, Alvaro Calderón, hijo, pro se,* y *Ulises Barros* (en sustitución del Lcdo. Baldomero Freyre), *pro se,* todos miembros de la Junta Estatal de Elecciones; *Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Subprocurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de la Junta Estatal de Elecciones.

DECISIÓN DEL JUEZ PRESIDENTE SEÑOR NEGRÓN FERNÁNDEZ.

(Dada en corte abierta el 23 de marzo de 1972.)

El asunto que se ha traído a consideración del Juez Presidente, en virtud de las disposiciones contenidas en las Secs. 12 y 13d—que corresponden a la 13 y 19 del Título 16 de las Leyes de Puerto Rico Anotadas—es con relación a una Decisión emitida por el Secretario de la Junta actuando en funciones del Superintendente, debido a inhabilidad del propio Superintendente a actuar, según lo dispone la Ley Electoral.

■ Esa Decisión emitida por el Superintendente actuante, señor Busó, representa, según la disposición de la ley invocada para la apelación, la Decisión de la Junta Estatal de Elecciones. Lo que resolvió el señor Superintendente interino, ante la no unanimidad de votos de los miembros de la Junta representantes de los partidos políticos, fue que la Junta no tenía facultad—según fue planteado por uno de los miembros de la Junta—para adoptar la resolución que se había presentado y se había discutido y se había variado en términos; pero en los términos en que quedaba a la fecha o al momento en que se planteaba, que no tenía autoridad para adoptarla. Así fue planteada la cuestión por uno de los miembros de la Junta y sostenida como la Decisión de la Junta por el Superintendente actuante. Con esa limitación en la revisión bajo la disposición correspondiente de la ley, es que viene el asunto al Juez Presidente.

La Junta Estatal de Elecciones, como es de conocimiento y ya ha sido citado por los compañeros, tiene a su cargo por disposición de ley, la inspección y dirección de las elecciones en Puerto Rico. Esa dirección e inspección se efectúa de dos maneras: Como lo dispone la ley en aquello en que la ley dispone como llevar a cabo los procesos electorales en sus distintas etapas y alcances; y además, mediante la adopción de Reglas y Reglamentos—que no podrán estar en contradicción con la ley, como es principio general—y que tendrán, una vez aprobados por el Gobernador, fuerza y efectividad de ley.

■ No disponiendo la ley que la Junta tenga en sí, expresamente—independientemente de cualquier otra función que le corresponda como reglas y reglamentos de su adopción—la manera de llevar a cabo la dirección e inspección; no siendo una de ellas específicamente por ley establecida, la de adoptar acuerdos relativos a actuaciones de sus funcionarios, específicamente el Superintendente General de Elecciones, que es un funcionario nombrado por el Gobernador con el consejo y consentimiento del Senado y forma parte de la Junta y la preside por disposición de la ley, sólo puede la Junta reglamentar la conducta de sus funcionarios mediante la adopción de reglas y reglamentos. En tanto esta conducta pueda afectar—en su aplicación general el reglamento—lo que en la imagen pública debe ser la mayor imparcialidad, la mayor confianza en la administración, dirección y supervisión de los procesos electorales por la Junta Estatal de Elecciones y sus funcionarios.

■ El Superintendente General es un funcionario nombrado por el Gobernador con el consejo y consentimiento del Senado, que forma parte de la Junta y la preside, y no es un representante en la Junta de partido político alguno. Tal como está estructurada la Junta, por ley, para que cualquier norma de conducta se le aplicare al Superintendente General de Elecciones, tendría que estar prevista o caer en la órbita de aquello que esté reglamentado como norma de conducta o norma ética de los funcionarios electorales, en semejanza a las normas que se adoptan para los tribunales y los magistrados—los cánones de ética judicial—y que tendrían fuerza de ley una vez aprobadas por el Gobernador de Puerto Rico y podrían ser aplicables precisamente al señor Superintendente. Es al Gobernador del Estado Libre Asociado de Puerto Rico al que correspondería cualquier acción de tipo disciplinario, incluyendo censura o cualquier grado de expresión que pudiera significar algún tipo de censura. En el historial de la

cuestión que se planteó por el compañero Rivera Lacourt, ése era el propósito original—variado luego en las deliberaciones y con las aportaciones y discusiones de los demás miembros de la Junta—con relación a unas actuaciones del Superintendente relativas al proceso plebiscitario.

Hemos sido informados, por la certificación que leímos hace algunos minutos, que la Junta no ha adoptado reglas ni reglamentos de aplicación general para regir la conducta de sus funcionarios y empleados en relación con sus funciones oficiales en la Junta, o que en alguna manera puedan afectarlas. Tales reglas o reglamentos son altamente deseables para mantener la imagen pública al más alto grado de confianza en el proceso electoral.

Estamos limitando nuestras palabras exclusivamente a la cuestión que se ha suscitado y no en cuanto a los hechos que motivaron, o se discutieron, en el curso de la consideración de la resolución del compañero Lacourt en la Junta; en consideración a las disposiciones generales de la Ley, las disposiciones del Código Político en lo relativo a nombramientos de funcionarios públicos y los derivados del ejercicio de ese poder de nombramiento, en tanto pudiera ello conllevar algún tipo de censura, que corresponde al poder nominador hacer.

■ En atención a que se nos ha informado que no existen reglas o reglamentos para regir la conducta de los funcionarios y empleados de la Junta Estatal de Elecciones y en consideración a que no nos parece que es estrictamente una cuestión administrativa, sino más bien una de índole legislativa, por tratarse de la adopción de reglas o reglamentos—independientemente que vaya dirigida al mejor orden administrativo o al mejor orden en los procesos en sí de supervisión y dirección de las elecciones—estimo que debo resolver desestimar el recurso, por pertenecer el asunto a la esfera propia de la Junta Estatal de Elecciones en su función de reglamentación y no de adjudicación.

En la primera de dichas funciones el Juez Presidente no tiene intervención, a menos que se sostenga que para adoptar un reglamento se necesita la unanimidad de votos de los miembros de la Junta, y con esa invocación se haga operante la disposición de ley que puede traer el asunto a consideración del Juez Presidente. No teniendo el asunto ese origen, ni habiéndolo adquirido en el proceso normal del ejercicio de las facultades de la Junta de adoptar reglas y reglamentos—y dentro de ellas aquellas de naturaleza ética o de reglamentación de conducta, para el mejor orden en la propia supervisión y descargo de las labores que supervisa y dirige a través de todo su personal, manteniendo así fuera de toda duda pública las actuaciones de sus propios funcionarios—corresponde a la Junta, para el mejor ordenamiento de ese proceso electoral, adoptar reglas de conducta para sus propios funcionarios, bajo la autoridad conferídale expresamente por la Asamblea Legislativa, como uno de los medios de llevar a cabo su función de dirección y supervisión. En esa reglamentación puede estar incluido aun el Superintendente General de Elecciones, como pueden estar incluidos aun los propios miembros de la Junta, si por su propia determinación así lo deciden.

En cuanto al Superintendente, que es un funcionario nombrado por el Gobernador con el consejo y consentimiento del Senado, la objeción de que pudiera serle aplicable quedaría salvada por la aprobación del Gobernador de esas reglas y reglamentos. Quedaría curado cualquier defecto de supuesta falta de autoridad de la Junta para hacerlo exclusivamente por sí, con relación a un funcionario de nombramiento ejecutivo y confirmación del Senado, que no puede la Junta destituir y con ello en ningún grado aplicar sanción de tipo disciplinario. Si fuéramos a considerar únicamente una recomendación—sin que ello signifique crítica alguna a los

compañeros que la favorecían—realmente deja de tener el efecto obligatorio, normativo, para constituirse en una mera expresión, que de por sí puede hacer individualmente cualquier miembro de la Junta, cualquiera de ellos, sin que tenga que ser un acuerdo de la Junta.

██ Entiendo, que lo que está sujeto a venir a consideración del Juez Presidente, bajo la disposición invocada en este caso, es una adjudicación, una decisión. Si la Junta Estatal de Elecciones, en cualquier momento en que tuviera ante sí la determinación sobre la aprobación de un reglamento para regir la conducta de sus propios miembros, entendiera y aplicara el mecanismo de la unanimidad de votos para requerir la aprobación de tal reglamento, y no la mayoría de los miembros constituyentes de la Junta, entonces podría invocarse la jurisdicción del Juez Presidente para pasar sobre la procedencia de aquello que estuviese planteado, en los términos en que el asunto se llevó en su origen o finalmente a decisión. El término "decisión" más bien va dirigido a la función adjudicatoria que tiene la Junta y no a las funciones incidentales corrientes, administrativas, de día a día; tampoco, en general, a aquellas de tipo legislativo, como las de adoptar reglas y reglamentos. Las reglas de mayor importancia que podría aprobar serían aquellas para regir la conducta de los funcionarios y miembros de la Junta Estatal de Elecciones, para que no pueda entenderse contaminado el proceso electoral con cualquier tipo de conducta previsible en esas normas pre-establecidas, de aplicación general.

EN CONSECUENCIA, es mi conclusión que el recurso de apelación entablado, por las razones expuestas—y reconociendo el alto espíritu y el propósito que inspiró en su posición a los apelantes—debe ser en aplicación estricta de la ley y sin otro medio posible para poder considerarlo, DESESTIMADO. En ese sentido es la Resolución que será transcrita con fecha de hoy y notificada a los compañeros.

Dada en corte abierta, en San Juan, de Puerto Rico, a 23 de marzo de 1972.

Lo decretó y firma

(*Fdo.*) Luis Negrón Fernández
*Juez Presidente*

CERTIFICO:

(*Fdo.*) José L. Carrasquillo
*Secretario General*